# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**FILED**

NOV 0 5 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

| In the Matter of the Search of | |
|---|---|
| CELLULAR TELEPHONES AND ELECTRONIC DEVICES IDENTIFIED AS DEVICE #1 THROUGH DEVICE #17; UNDER DRUG ENFORCEMENT ADMINISTRATION CASE NO. R7-17-0004, CURRENTLY LOCATED AT 4328 WATT AVENUE, SACRAMENTO, CALIFORNIA. | Case No. 2:18-SW-899 AC |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-1 through A-17, attached hereto and incorporated by reference.**

located in the _____ Eastern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| **21 U.S.C. § 846, 841(a)(1)** | **Conspiracy to Distribute and Distribution of Methamphetamine** |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

☑ Continued on the attached sheet.

☐ Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Cindy Yamasaki, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/2/18 3:45 p

_____
*Judge's signature*

City and state: Sacramento, California

Allison Claire, U.S. Magistrate Judge

*Printed name and title*

1  MᶜGREGOR W. SCOTT
   United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10  In the Matter of the Search of:          CASE NO.
    CELLULAR TELEPHONES AND
11  ELECTRONIC DEVICES IDENTIFIED AS         AFFIDAVIT IN SUPPORT OF AN APPLICATION
    DEVICE #1 THROUGH DEVICE #17;            UNDER RULE 41 FOR WARRANTS TO SEARCH
12  UNDER DRUG ENFORCEMENT                    DEVICES
    ADMINISTRATION CASE NO. R7-17-0004,
13  CURRENTLY LOCATED AT 4328 WATT           **UNDER SEAL**
    AVENUE, SACRAMENTO, CALIFORNIA.
14

15

16        1.    I, Cindy Yamasaki, being first duly sworn, hereby depose and state as follows:

17        **I.      INTRODUCTION AND AGENT BACKGROUND**

18        2.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of

19  Criminal Procedure for search warrants authorizing the examination of property—seventeen electronic

20  devices—which are currently in law enforcement possession, and the extraction from that property of

21  electronically stored information described in Attachment B.

22        3.    I am a Special Agent with the United States Drug Enforcement Administration (DEA)

23  and have been so employed since December 2004. I am currently assigned to the DEA Sacramento

24  District Office Enforcement Group 2. I was assigned to the Clandestine Laboratory Enforcement Team

25  from 2005 to the present and the Task Force Group from 2009 to 2014. I am a law enforcement officer

26  of the United States within the meaning of Title 18, United States Code Section 2510(7), and I am

27  empowered by law to conduct investigations and make arrests for offenses enumerated in Section 2516

28  of Title 18, United States Code.

AFFIDAVIT                              1

1        4.      I trained as a DEA Special Agent at the DEA/FBI Academy in Quantico, Virginia.
2   During my training, I received training in the Controlled Substance Act, Title 21 United States Code,
3   including, but not limited to Sections 841 and 846, Controlled Substance Violations and Conspiracy to
4   Commit Controlled Substance Violations.  I have received specialized training in narcotic investigation
5   matters including drug interdiction, drug detection, money laundering techniques and schemes, drug
6   identification, and asset identification and removal.  I have also received specialized formal training in
7   clandestine laboratory investigations and safety procedures during a forty-hour course at the DEA
8   Academy in Quantico, Virginia.  This training involved clandestine laboratories, identification of
9   chemicals and other hazardous materials used in the manufacture of methamphetamine, familiarization
10  with equipment and apparatus used in clandestine laboratory processing.

11       5.      During my employment with DEA, I have participated in numerous criminal
12  investigations.  I have participated in numerous Federal and State search warrants involving controlled
13  substances and the seizure of narcotics-related records and other types of evidence that document the
14  activities of criminal organizations in both manufacturing and distribution of controlled substances.  To
15  conduct these investigations successfully, I have utilized a variety of investigative techniques and
16  resources, including physical and electronic surveillance, various types of infiltration, including
17  undercover agents ("UC"), informants, and cooperating sources.  Through these investigations, my
18  training and experience, and conversations with other agents and law enforcement personnel, I am
19  familiar with the methods used by drug traffickers to smuggle and safeguard controlled substances, to
20  distribute, manufacture, and transport controlled substances, and to collect and launder related proceeds.

21       6.      Based on my training and experience, and my interaction with other experienced special
22  agents, task force agents, and other investigators, I have become familiar with the methods employed by
23  drug traffickers to smuggle, safeguard, store, transport, and distribute drugs, and to collect and conceal
24  drug related proceeds, and to communicate with other participants to accomplish such objectives.

25       7.      I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal
26  Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly
27  authorized by the Attorney General to request a search warrant.

28       8.      This affidavit is intended to show only that there is sufficient probable cause for the

1  requested warrant and does not set forth all of my knowledge about this matter.  The facts in this

2  affidavit come from my personal observations, my training and experience, and information obtained

3  from other agents and witnesses.

4  ## II.   IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5       9.       The property to be searched, described in the table below and in Attachments A-1

6  through A-17, includes the following telephones and electronic equipment (collectively, the "**Devices**.")

| Device# (Attachment A-#) | Description | DEA Case No. R7-17-0004 Exhibit # |
|---|---|---|
| 1 | Pink/white Apple iphone, Model: A1778, FCC ID: BCG-E3091A | N-148 |
| 2 | Black Samsung Verizon flip phone, Model: SM-B311V, FCC ID: A3LSMB311V, MEID HEX: A000004840FB7E | N-171 |
| 3 | Black LG Metro PCS smartphone, Model: LM-Q710MS, IMEI: 356694-09-017518-3 | N-172 |
| 4 | Black/blue Samsung Galaxy S6 Edge 6+ smartphone | N-173 |
| 5 | Black/blue ZTE smartphone | N-174 |
| 6 | Night Owl DVR, serial number: 872A-0322 | N-179 |
| 7 | Black Samsung Galaxy Note 8, telephone number (209) 496-6942, IMEI: 358505081134252, FCC ID: A3LSMN950U | N-89 |
| 8 | Silver Apple iphone, telephone number (408) 562-7963, Model: A1549, FCC ID: BCG-EZ816A, IMEI: 355786074105284 | N-188 |
| 9 | Black Cricket LG cellular telephone, telephone number (559) 660-9172, serial number: 806CYCV174875, IMEI: 354376091748752, FCC ID: ZNFX210APM | N-186 |
| 10 | White/silver Apple iphone, telephone number (559) 433-5762, Model: A1778, FCC ID: BCG-E3091A | N-186 |
| 11 | Black/red SBU thumb drive | N-187 |
| 12 | 500GB Seagate Expansion Portable Drive, Model: SRD00F1, serial number: NA431F64, PN: 1D6AP1-500 | N-187 |
| 13 | Black/blue Alcatel cellular telephone, telephone number 52-453-126-2301, IMEI: 014802007235495, FCC ID: 2ACCJB039 | N-119 |
| 14 | Black Apple iphone, telephone number (916) 402-6591, Model: A1661, FCC ID: BCG-E3087A | N-119 |
| 15 | White/rose gold Apple iphone, telephone number (559) 250-8231, Model: A1549, FCC ID: BCG-E2816A, IMEI: 354447061367749 | N-119 |
| 16 | Black/silver Apple iphone, telephone number (209) 314-4278, Model: A1549, FCC ID: BCG-E2816A, IMEI: 352022077810313 | N-185 |
| 17 | Black Apple iphone, Model: A1428, IMEI: 013435006623162, FCC ID: BCG-E2599A | N-117 |

10.     The **Devices** are currently located at the DEA Sacramento District Office, 4328 Watt Avenue, Sacramento, California.

11.     The applied-for warrants would authorize forensic examinations of the **Devices** for the purpose of identifying electronically stored data particularly described in Attachment B.

### III.     PROBABLE CAUSE

**A.     Summary and Overview**

12.     Since December 2016, the DEA Sacramento District Office has been conducting a criminal investigation of a methamphetamine drug trafficking organization (DTO) based in Modesto, California, involving Georgina CARRILLO AYALA, Hector GOMEZ-GARCIA, Luis Armando RIOS GARCIA, Filiberto MADRIGAL, Jr., Jose Francisco BUENAVIDA, a.k.a., "CANAS", Enrique BUENAVIDA, Jose Manuel RODRIGUEZ, Elias HERNANDEZ VALENCIA, a.k.a, "PISTOLA", Roberto MERCADO RANGEL, Jose Antonio PANTOJA ESTRADA, Kelly Duane HUGHES, Bart Richard HUGHES, Jerry Curtis FOSTER, and an unidentified male known as "PANCHO".  In December 2016, CARRILLO AYALA delivered one pound of methamphetamine to a DEA undercover agent (UC2) in Modesto, California.  In February 2017, GOMEZ GARCIA delivered one pound of methamphetamine to UC2 in Lodi, California.  In March 2017, RIOS GARCIA delivered one pound of methamphetamine to UC2 in Modesto, California.  In June 2017 and September 2017, MADRIGAL delivered one pound of methamphetamine on both occasions to UC2 in Modesto.  In February 2018, PANCHO delivered one pound of methamphetamine to UC2 in Turlock, California.  During two of the controlled purchase, PANCHO directed RIOS GARCIA and MADRIGAL to deliver the supply of methamphetamine to UC2, and during the third controlled purchase, PANCHO delivered the methamphetamine himself.

13.     On November 16, 2017, the Honorable Troy L. Nunley, United States District Judge for the Eastern District of California, signed an order authorizing the interception of both wire and electronic communications over (209) 410- 0896 (Target Telephone #2 or TT#2) and wire communications only (209) 648-9352 (Target Telephone #3 or TT#3).  Interceptions for both telephones began on the same day. *See* Case No. 2:17-SW-267-MCE.  TT#2 was utilized by PANCHO and TT#3 was utilized by MADRIGAL.

1    14.    On May 18, 2018, the Honorable Morrison C. England, Jr., United States District Judge

2  for the Eastern District of California, signed an order authorizing the interception of wire and electronic

3  communications over (209) 226-8989 (Target Telephone #4 or TT#4), and interceptions began on the

4  same day. *See* Case No. 2:17-SW-267-MCE.  Target Telephone #4 was utilized by PANCHO.

5    15.    During these wiretaps, PANCHO was intercepted numerous times conversing with

6  individuals about methamphetamine distribution and the collection of proceeds from narcotics sales.

7  Agents discovered that PANCHO's main source of methamphetamine supply, Elias HERNANDEZ

8  VALENCIA, a.k.a., "PISTOLA", also operated a clandestine laboratory in/near Madera, California.

9  Intercepted conversations also revealed that PANTOJA ESTRADA also supplied PANCHO with

10  narcotics frequently.  PANCHO had numerous customers (K. HUGHES, B.HUGHES, and FOSTER, to

11  name a few) who purchased ounce to kilogram quantities of methamphetamine regularly.  PANCHO

12  also utilized various associates/couriers (including RIOS GARCIA, MADRIGAL, J.BUENAVIDA,

13  E.BUENAVIDA, RODRIGUEZ) to distribute methamphetamine, collect drug proceeds, prepare and

14  package drugs for distribution, and maintain a location to store PANCHO's supply of drugs.

15
16
    **B.**    **Facts Establishing Probable Cause that the Listed Cellular Telephones Contain
    Evidence of Drug Trafficking**

17    16.    On August 6, 2018, the Honorable Deborah L. Barnes, United States Magistrate Judge

18  for the Eastern District of California, authorized 12 arrest warrants for PANCHO and members of his

19  drug trafficking organization, as well as 20 search warrants for locations and vehicles associated with

20  PANCHO and his associates.  *See* Case No. 2:18-MJ-149 DB and *Case* Nos. 2:18-SW-0626 through

21  0645-DB.  On August 8-9, 2018, personnel from the DEA, Stanislaus County Sheriff Department,

22  Fresno Police Department, Madera Narcotics Enforcement Team,  Modesto Police Department, Turlock

23  Police Department, Ceres Police Department , Merced County Sheriff's Department, Stanislaus County

24  Probation, Folsom Police Department, Tri County Drug Enforcement Team, Sacramento County

25  Sheriff's Department, and the Central Valley High Intensity Drug Trafficking Area and California

26  Multi-Jurisdictional Methamphetamine Enforcement Team, executed the search and arrest warrants.

27  Based on intercepted conversations and the evidence seized pursuant to the execution of the search and

28  arrest warrants, it is believed that the below described cellular telephones and electronic devices contain

AFFIDAVIT                                                5

1  evidence of drug trafficking activities, and relationships to other co-conspirators.

2       17.    This affidavit is submitted in support of the Government's request that search warrants be

3  issued relating to violations of Title 21, United States Code, §§ 846, 841(a)(1), and 843(b), Conspiracy

4  to Distribute and Distribution of Methamphetamine, and Unlawful use of a Communication Facility, to

5  obtain numeric identifies such as serial numbers or other identifying numbers, names, nicknames,

6  telephone numbers, fax numbers, email addresses, social media accounts, dates and times of call

7  activity, passwords, photographs, text messages, and other numbers associated with individual names

8  from the **Devices**, described in Attachments A-1 through A-17.

9              **Telephone Seized from Georgina CARRILLO AYALA on August 8, 2018:**

10      18.    On December 21, 2016, Georgina CARRILLO AYALA delivered one pound of

11  methamphetamine to UC2 in Modesto, California.  On August 8, 2018, law enforcement executed a

12  federal search warrant at G.CARRILLO AYALA's residence, 513 Briggs Avenue, Modesto.

13  CARRILLO AYALA was arrested pursuant to the issuance of a federal arrest warrant.  During a search

14  of the residence, SA Bob Ghazanfari seized a blue Apple iphone from a bedroom.  [NOTE: CARRILLO

15  AYALA's iphone was actually pink and white but contained in a blue-colored case.] At approximately

16  6:35PM, SA Ghazanfari placed an outgoing call to telephone number (209) 765-7326 and observed that

17  CARRILLO AYALA's phone immediately started ringing.  SA Ghazanfari asked G.CARRILLO

18  AYALA if the blue iphone belonged to her, and G.CARRILLO AYALA answered in the affirmative.

19      19.    Furthermore, G.CARRILLO AYALA's brother, Luis Alberto CARRILLO AYALA

20  (L.CARRILLO AYALA), has an outstanding federal warrant for his arrest on drug trafficking charges.

21  Kassandra HILARIO, G.CARRILLO AYALA's daughter, a resident at 513 Briggs Avenue, stated that

22  L.CARRILLO AYALA visited 513 Briggs Avenue approximately twice a month and that HILARIO last

23  observed L.CARRILLO AYALA at the residence approximately two weeks prior.  HILARIO added that

24  G.CARRILLO AYALA had L.CARRILLO AYALA's phone number stored in her cell phone.

25      20.    On February 2, 2017, Hector GOMEZ GARCIA delivered one pound of

26  methamphetamine to UC2 in Lodi, California.  Agents observed GOMEZ GARCIA depart 513 Briggs

27  immediately prior to conducting the drug transaction with UC2.  Agents also observed GOMEZ

28

1  GARCIA return to 513 Briggs Avenue immediately after delivering the methamphetamine to UC2.  On

2  August 8, 2018, HILARO stated that GOMEZ GARCIA resided at the residence until approximately

3  November 2017, when he left out of fear that he was wanted by law enforcement for drug trafficking.

4          21.     Agents seized the following telephone from G.CARRILLO AYALA at the time of her

5  arrest on August 8, 2018:

6          -   **Device #1:** Pink/white Apple iphone, contained in a blue-colored case, Model: A1778, FCC
               ID: BCG-E3091A; (Exhibit N-148).

7

8  **Telephones Seized from Jose Francisco BUENAVIDA and Manuel RODRIGUEZ on August 8,**
                                              **2018.**

9          22.     Intercepted conversations over TT#4 indicated that PANCHO's main drug runner was

10  Jose Francisco BUENAVIDA (J.BUENAVIDA), a.k.a., "CANAS". J.BUENAVIDA also lived with his

11  brother Enrique BUENAVIDA (E.BUENAVIDA) and Jose Manuel RODRIGUEZ at 1610 East

12  Tuolumne Road, Turlock. Intercepted conversations and numerous hours of surveillance indicated that

13  E.BUENAVIDA and RODRIGUEZ also participated in the distribution of narcotics. J.BUENAVIDA,

14  E.BUENAVIDA, and RODRIGUEZ often traveled together to deliver drugs or collect drug proceeds.

15          23.     On August 8, 2018, law enforcement executed the federal search warrant at the residence

16  of J. BUENAVIDA, E. BUENAVIDA, and J.RODRIGUEZ, 1610 E. Tuolumne Road, Turlock.  Federal

17  arrest warrants were also issued for J.BUENAVIDA, E.BUENDAVIDA, and J.RODRIGUEZ.  during

18  the search, officers located both J.BUENAVIDA and J.RODRIGUEZ inside the garage, which had been

19  converted to a living space. SA Jason Chin seized, among other items, approximately 12 pounds of

20  methamphetamine and a stolen handgun (containing 13 rounds of ammunition) inside the garage.

21  (NOTE: Officers located J.BUENAVIDA standing by a bed and J. RODRIGUEZ standing by the side

22  garage door.  The stolen handgun was located on the bed next to J.BUENAVIDA.)  SA Chin also seized

23  the following cellular telephones and security system DVR from the garage:

24          -   **Device #2:** Black Samsung Verizon flip phone, Model: SM-B311V, FCC ID:
               A3LSMB311V, MEID HEX: A000004840FB7E (Exhibit N-171)

25

26          -   **Device #3:** Black LG Metro PCS smartphone, contained in a red/black case, Model: LM-
               Q710MS, IMEI: 356694-09-017518-3 (Exhibit N-172);

27          -   **Device #4:** Black/blue Samsung Galaxy S6 Edge+ smartphone, with no further identifying
               information visible (Exhibit N-173)

28
            -   **Device #5:** Black/blue ZTE smartphone, contained in a red-colored case with the letters

"AZ" on the back of the case.  (Exhibit N-174)

- **Device #6:** Night Owl security system DVR, Model: DVR-AHD10B-81-RS-2, Serial Number: 872A-0322 (Exhibit N-179)

24.     SA Chin informed J. RODRIGUEZ that he was under arrest and read J.RODRIGUEZ his *Miranda* Warnings. J.RODRIGUEZ stated that he understood his rights and immediately stated that everything in the garage belonged to him, including the handgun and drugs. J.RODRIGUEZ did not go into further detail about the drugs and handgun. J.RODRIGUEZ stated that his cellular telephone was the red [case] ZTE phone (**Device #5**; Exhibit N-174).

25.     SA Chin informed J. BUENAVIDA that he was under arrest and read J.BUENAVIDA his *Miranda* Warnings. J.BUENAVAIDA stated that he understood his rights and agreed to answer some questions. J.BUENAVIDA stated that his brother, E.BUENAVIDA was in Mexico. J.BUENAVIDA initially stated that he did now know who owned the black Samsung flip phone (**Device #2**; Exhibit N-171) or the black LG Metro PCS smartphone (**Device #3**; Exhibit N-172). However, later, J.BUENAVIDA stated that the "red" phone was his (unspecified as to which red phone). J.BUENAVIDA stated that his name was on the rental agreement for 1601 Tuolumne Road and that he has lived at the residence for approximately 5-6 months. J.BUENAVIDA stated that his cousin, J. RODRIGUEZ stayed in the garage and that J.BUENAVIDA stayed in the living room. When asked why he was located in the garage that morning, J. BUENAVIDA stated that he arrived home late the previous night and decided to stay in the garage. J. BUENAVIDA stated that he did not know anything about the drugs located in the garage and stated that his cousin, J.RODRIGUEZ, already answered this question. J.BUENAVIDA refused to answer questions about the handgun located in the garage.

### Telephone seized from Jose Antonio PANTOJA ESTRADA on August 8, 2018

26.     Intercepted conversations over TT#4 indicated that one of PANCHO's source of supply for narcotics was an individual who utilized telephone number (209) 496-6942 to be in touch with PANCHO about narcotics supply and transactions. Surveillance agents subsequently identified Jose Antonio PANTOJA ESTRADA, who resided at 3120 Vernal Street, Ceres, California, as the individual who utilized telephone number (209) 496-6942.

27.     On August 8, 2018, law enforcement executed a federal search warrant at PANTOJA

1 ESTRADA's residence, located at 3120 Vernal Street, Ceres, California.  Upon executing the search
2 warrant, officers located PANTOJA ESTRADA inside the master bedroom.  SA Omar Bersamina
3 seized, among other items, over one pound of methamphetamine and over one pound of heroin located
4 in the garage of the residence.  SA Bersamina also located a stolen handgun, containing 9 rounds of
5 ammunition, underneath the mattress in the master bedroom.

6       28.    PANTOJA ESTRADA identified his cellular telephone as the telephone located on the
7 dresser next to the bed in the master bedroom (**Device #7**).  SA Bersamina dialed telephone number
8 (209) 496-6942 and observed PANTOJA ESTRADA's telephone ring, identifying SA Bersamina's
9 telephone as the caller.  SA Bersamina seized PANTOJA ESTRADA's telephone identified as:

10     -   **Device #7:** Black Samsung Galaxy Note 8, telephone number (209) 496-6942, IMEI: 358505081134252, FCC ID: A3LSMN950U (Exhibit N-89).

11
12 **Telephones Seized from Elias HERNANDEZ VALENCIA and Roberto MERCADO-RANGEL on August 8, 2018**

13       29.    Intercepted conversations over TT#2, TT#3, and TT#4 indicated that PANCHO's main
14 source of supply for narcotics was Elias VALENCIA HERNANDEZ, a.k.a., "PISTOLA."  Intercepted
15 conversations also indicated that VALENCIA HERNANDEZ operated a clandestine methamphetamine
16 laboratory in the Fresno, California area.  VALENCIA HERNANDEZ utilized several telephones and
17 changed telephones frequently, presumably to avoid detection by law enforcement.  Agents intercepted
18 VALENCIA HERNANDEZ utilizing no fewer than three different telephones during the wiretaps of
19 TT#2, TT#3, and TT#4.  Surveillance agents identified two residences, 3468 West Floradora Avenue,
20 Fresno, California, and 34810 Avenue 15, Madera, California, associated with VALENCIA
21 HERNANDEZ.

22       30.    On August 8, 2018, law enforcement executed a federal search warrant at the residence at
23 34810 Avenue 15, Madera, California.  At approximately 5:15AM, prior to executing the warrant,
24 officers observed VALENCIA HERNANDEZ depart the residence in a Toyota SUV, bearing California
25 license plate #4ZTN118.  Officers stopped the Toyota SUV and placed VALENCIA HERNANDEZ
26 under arrest.  Upon searching VALENCIA HERNANDEZ's person, officers located a cellular telephone
27 (**Device #8**; Exhibit N-188), three keys, and $503.00.  Officers later searched the Toyota SUV and
28 located, among other items, two cellular telephones (**Device #9** & **Device #10**; Exhibit N-186), an SBU

1  thumb drive (**Device #11**; Exhibit N-187), a Seagate portable hard drive (**Device #12**; Exhibit N-187),

2  and approximately one kilogram of cocaine, inside the vehicle.  SA Alicia Ramirez seized the above

3  described cellular telephones, further described as:

   - **Device #8:** Silver Apple iphone, Model A1549, FCC ID: BCG-EZ816A, IMEI:
4    355786074105284 (Exhibit N-188);

5  - **Device #9:** Black Cricket LG cellular telephone, Serial number: 806CYCV174875, IMEI:
6    354376091748752, FCC ID: ZNFX210APM (Exhibit N-186);

7  - **Device #10:** White/silver Apple iphone, Model: A1778, FCC ID: BCG-E3091A (Exhibit N-
     186);
8
   - **Device #11:** Black/red SBU thumb drive (Exhibit N-187);
9
   - **Device #12:** 500 GB Seagate Expansion Portable Drive, Model: SRD00F1, serial number:
10    NA431F64, PN: 1D6AP1-500 (Exhibit N-187);

11       31.      At approximately 6:00AM, law enforcement executed the search warrant and located one

12  other individual, Roberto MERCADO-RANGEL, inside a bedroom (designated Room G) in the

13  residence.  SA Ramirez seized the following three cellular telephones (Exhibit N-119) from Room G:

   - **Device #13:** Black/blue Alcatel cellular telephone, Model: 4060A, IMEI: 014802007235495,
14    FCC ID: 2ACCJB039 (Exhibit N-119);

15  - **Device #14:** Black Apple iphone, Model A1661, FCC ID: BCG-E3087A (Exhibit N-119);
16
   - **Device #15:** White/gold Apple iphone, Model A1549, FCC ID: BCG-E2816A, IMEI:
17    354447061367749 (Exhibit N-119)

18       32.      A search of the residence revealed a methamphetamine conversion laboratory inside

19  another bedroom (designated as Room H).  Room H contained approximately 10 pounds of

20  methamphetamine in different forms at its various stages of processing and conversion from liquid

21  methamphetamine to crystal methamphetamine.  Room H also contained pots, pans, buckets, coolers,

22  and strainers which, in my training and experience, I know to be common tools in methamphetamine

23  conversion operations.  Moreover, many of these implements contained methamphetamine and

24  methamphetamine residue.  Room H also contained two 5-gallon canisters of acetone, packaging

25  material, and digital scales, all of which I know to be consistent with methamphetamine conversion and

26  distribution.  SA Ramirez also seized approximately one kilogram of heroin from Room H.

27       33.      Based on personal effects found, agents determined that VALENCIA HERNANDEZ

28  stayed in the master bedroom (designated as Room I).  SA Ramirez seized eight weapons from Room I,

1  to include seven high-powered rifles (one of which was determined stolen) and one handgun.  RA

2  Ramirez also seized, among other items, approximately one kilogram of heroin, $1,860.00 U.S.

3  Currency, and a black cellular telephone (**Device #16**; Exhibit N-185) from Room I.

4      -  **Device #16:** Black/silver Apple iphone, telephone number (209) 314-4278, Model: A1549,
   FCC ID: BCG-E2816A, IMEI: 352022077810313 (Exhibit N-185).

5
6  34.    SA Ramirez seized approximately 30 pounds of methamphetamine in liquid, solid, and

   various crystallized forms in other rooms throughout the house, including the kitchen (Room B) and a

7  spare room (Room D).  The kitchen and spare room were common areas of the residence.  Officers

8  found in the kitchen in plain view, two pots and a 1-gallon jug cooler located on/near the kitchen stove

9  which contained residue of a white crystalline substance, suspected to be methamphetamine, a food

10 saver apparatus directly next to the stove, and a black cellular telephone (**Device #17**, Exhibit N-117)

11 located on the kitchen table;

12
13     -  **Device #17:** Black Apple iphone, Model A1428, IMEI: 013435006623162, FCC ID: BCG-
   E2599A (Exhibit N-117).

14 35.    SA Ramirez also seized four 1-gallon jug coolers, containing liquid methamphetamine

15 (approximately 28 pounds), located inside the refrigerator in the kitchen.

16 36.    SA Ramirez seized approximately 2 pounds of an unknown white powder located inside

17 a speaker in the spare room.

18 **C.**    **Statement of Probable Cause**

19 37.    Based on my training and experience as a DEA Special Agent, and upon the shared

20 experience of other agents and officers with whom I have worked, I am aware that it is common practice

21 for individuals involved in narcotics trafficking to rely on the use of telephones, and particularly,

22 cellular telephones, to operate the distribution of illegal drugs efficiently.  I also know that it is common

23 for those involved in drug trafficking to communicate by telephone with other suppliers and distributors

24 of illegal drugs.  I know it is common for those involved in illicit drug distribution to have multiple

25 phones to evade the detection of law enforcement and to facilitate their operation further.

26 38.    Based on my training and experience, I also know that drug traffickers use mobile

27 telephones to communicate with one another to facilitate their drug trafficking, either by voice or text

28 message.  Mobile telephones preserve in their memory, a history of incoming, outgoing, and missed

AFFIDAVIT          11

1  calls, which can lead to evidence of the telephone numbers of other narcotics traffickers and the dates

2  and times that they and/or the mobile telephone user dialed one another's telephones.  Mobile telephones

3  also contain in their memory a telephone book.  This allows the user to store telephone numbers and

4  other contact information.  Information stored in a telephone used by a narcotics trafficker is evidence of

5  the associations of the narcotics traffickers, some of which are related to his or her illegal business.

6      39.    Mobile telephones also contain in their memory text messages sent, received, and drafted

7  by the mobile telephone user.  The text message history of a narcotics trafficker's mobile telephone can

8  contain evidence of narcotics trafficking because it shows the communications or planned

9  communications of a narcotics trafficker and the telephone number of those with whom the narcotics

10 trafficker communicated or intended to communicate.  Mobile telephones also have a voicemail function

11 that allows callers to leave messages when the telephone user does not answer.  Narcotics traffickers

12 sometimes leave voice messages for each other which can be evidence of both their mutual association

13 and their joint criminal activity.  Mobile telephones also contain photographic data files, which can be

14 evidence of criminal activity when the user was a narcotics trafficker who took pictures of evidence of a

15 crime.  Mobile telephone companies also store the data described in this paragraph on their own services

16 and associate the data with particular users' mobile telephones.

17     40.    Because the **Devices** described herein were in the possession of individuals at the time

18 those individuals were engaged in illegal narcotics distribution, on at least August 8, 2018, and that there

19 is further evidence those individuals were using those cellular telephones and other electronic devices to

20 conduct or facilitate the narcotics distribution, there is probable cause to believe that they were using the

21 aforementioned **Devices** to facilitate specific narcotics transactions and their narcotics trafficking

22 enterprise more generally, and that information and records relating to these activities will be found

23 stored in (or on) the **Devices**.

24     41.    Specifically, based on the facts set forth above, as well as my training and experience,

25 there is probable cause to believe that the **Devices** located during the above-mentioned search warrants

26 and arrests, and subsequently seized by the DEA, identified herein and set forth in greater detail in

27 Attachments A-1 through A-17 to this Affidavit, contain evidence and instrumentalities of

28 methamphetamine distribution in the form of pictures, text messages, and other such data that constitutes

1  evidence of the same conspiracy, and the **Devices** themselves are property designed for use, intended for

2  use, and have been used in advancing the conspiracy to distribute methamphetamine in violation of Title

3  21, United States Code, §§ 846 and 841(a)(1) and in the distribution of methamphetamine, and other

4  controlled substances, in violation of 21 U.S.C. § 841(a)(1).

5        42.     The **Devices** are currently in the lawful possession of the Drug Enforcement

6  Administration.  As explained above, the **Devices** came into DEA's possession through seizure during

7  the execution of federal search warrants and arrest warrants for CARRILLO AYALA, J.BUENAVIDA,

8  E.BUENAVIDA, J.RODRIGUEZ, PANTOJA ESTRADA, HERNANDEZ VALENCIA, and

9  MERCADO-RANGEL.  Therefore, while the DEA might already have all necessary authority to

10  examine the **Devices**, I seek this additional warrant out of an abundance of caution to be certain that an

11  examination of the **Devices** will comply with the Fourth Amendment and other applicable laws.

12  **IV.**     **TECHNICAL TERMS**

13        43.     Based on my training and experience, I use the following technical terms to convey the

14  following meanings:

15       a)     Wireless telephone:  A wireless telephone (or mobile telephone, or cellular

16       telephone) is a handheld wireless device used for voice and data communication

17       through radio signals.  These telephones send signals through networks of

18       transmitter/receivers, enabling communication with other wireless telephones or

19       traditional "land line" telephones.  A wireless telephone usually contains a "call

20       log," which records the telephone number, date, and time of calls made to and from

21       the phone.  In addition to enabling voice communications, wireless telephones offer

22       a broad range of capabilities.  These capabilities include: storing names and phone

23       numbers in electronic "address books;" sending, receiving, and storing text

24       messages and e-mail; taking, sending, receiving, and storing still photographs and

25       moving video; storing and playing back audio files; storing dates, appointments, and

26       other information on personal calendars; and accessing and downloading

27       information from the Internet.  Wireless telephones may also include global

28       positioning system ("GPS") technology for determining the location of the device.

b)  Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c)  Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d)  GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna

1    can mathematically calculate the antenna's latitude, longitude, and sometimes

2    altitude with a high level of precision.

3    e)    PDA: A personal digital assistant, or PDA, is a handheld electronic device used for

4    storing data (such as names, addresses, appointments or notes) and utilizing

5    computer programs. Some PDAs also function as wireless communication devices

6    and are used to access the Internet and send and receive e-mail. PDAs usually

7    include a memory card or other removable storage media for storing data and a

8    keyboard and/or touch screen for entering data. Removable storage media include

9    various types of flash memory cards or miniature hard drives. This removable

10   storage media can store any digital data. Most PDAs run computer software, giving

11   them many of the same capabilities as personal computers. For example, PDA users

12   can work with word-processing documents, spreadsheets, and presentations. PDAs

13   may also include global positioning system ("GPS") technology for determining the

14   location of the device.

15   f)    IP Address: An Internet Protocol address (or simply "IP address") is a unique

16   numeric address used by computers on the Internet. An IP address is a series of four

17   numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every

18   computer attached to the Internet computer must be assigned an IP address so that

19   Internet traffic sent from and directed to that computer may be directed properly

20   from its source to its destination. Most Internet service providers control a range of

21   IP addresses. Some computers have static-that is, long-term-IP addresses, while

22   other computers have dynamic-that is, frequently changed-IP addresses.

23   g)    Internet: The Internet is a global network of computers and other electronic devices

24   that communicate with each other. Due to the structure of the Internet, connections

25   between devices on the Internet often cross state and international borders, even

26   when the devices communicating with each other are in the same state.

27   44.   Based on my training, experience, and research, I know that the **Devices** have capabilities

28   that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation

1  device, PDA, and to access the internet.   In my training and experience, examining data stored on

2  devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or

3  used the device.

4  **V.      ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

5      45.      Based on my knowledge, training, and experience, I know that electronic devices can

6  store information for long periods of time.   Similarly, webpages and documents that have been viewed

7  via the Internet are typically stored for some period of time on the devices.   This information can

8  sometimes be recovered with forensics tools.

9      46.      Forensic evidence.  As further described in Attachment B, this application seeks

10  permission to locate not only electronically stored information that might serve as direct evidence of the

11  crimes described on the warrant, but also forensic evidence that establishes how the **Devices** were used,

12  the purpose of their use, who used them, and when.   There is probable cause to believe that this forensic

13  electronic evidence might be on the **Devices** because:

14      a)   Data on the storage medium can provide evidence of a file that was once on the

15          storage medium but has since been deleted or edited, or of a deleted portion of a file

16          (such as a paragraph that has been deleted from a word processing file).

17      b)   Forensic evidence on a device can also indicate who has used or controlled the

18          device.  This "user attribution" evidence is analogous to the search for "indicia of

19          occupancy" while executing a search warrant at a residence.

20      c)   A person with appropriate familiarity with how an electronic device works may,

21          after examining this forensic evidence in its proper context, be able to draw

22          conclusions about how electronic devices were used, the purpose of their use, who

23          used them, and when.

24      d)   The process of identifying the exact electronically stored information on a storage

25          medium that are necessary to draw an accurate conclusion is a dynamic process.

26          Electronic evidence is not always data that can be merely reviewed by a review team

27          and passed along to investigators.  Whether data stored on a computer is evidence

28          may depend on other information stored on the computer and the application of

AFFIDAVIT                                              16

1    knowledge about how a computer behaves.  Therefore, contextual information

2    necessary to understand other evidence also falls within the scope of the warrant.

3    e)    Further, in finding evidence of how a device was used, the purpose of its use, who

4    used it, and when, sometimes it is necessary to establish that a particular thing is not

5    present on a storage medium.

6    f)    I know that when an individual uses an electronic device , the individual's

7    electronic device will generally serve both as an instrumentality for committing the

8    crime, and also as a storage medium for evidence of the crime.  The electronic

9    device is an instrumentality of the crime because it is used as a means of committing

10    the criminal offense.  The electronic device is also likely to be a storage medium for

11    evidence of crime.  From my training and experience, I believe that an electronic

12    device used to commit a crime of this type may contain: data that is evidence of how

13    the electronic device was used; data that was sent or received; and other records that

14    indicate the nature of the offense.

15    47.    Nature of examination.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the

16    warrant I am applying for would permit the examination of the **Devices** consistent with the warrants.

17    The examination may require authorities to employ techniques, including but not limited to computer-

18    assisted scans of the entire medium, that might expose many parts of the device to human inspection in

19    order to determine whether it is evidence described by the warrant.

20    48.    Manner of execution.  Because this warrant seeks only permission to examine the

21    **Devices**, which are already in law enforcement's possession, the execution of these warrants does not

22    involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the

23    Court to authorize execution of the warrants at any time in the day or night.

24    ///

25    ///

26    ///

27    ///

28    ///

# VI.    CONCLUSION

49.    I submit that this affidavit supports probable cause for search warrants authorizing the examination and search of the **Devices**, described in Attachments A-1 through A-17, to seek the items described in Attachment B.

Respectfully submitted,

Cindy Yamasaki
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on:    11/2/18

The Honorable Allison Claire
UNITED STATES MAGISTRATE JUDGE

Approved as to form by AUSA JAMES R. CONOLLY

AFFIDAVIT      18

**ATTACHMENT A-1**

The property to be searched is a pink/white Apple iphone, contained in a blue-colored case, bearing Model: A1778, FCC ID: BCG-E3091A, identified as exhibit N-148 under DEA case number R7-17-0004, referred to as "Device#1." Device#1 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-2**

The property to be searched is a black Samsung Verizon flip phone, bearing Model: SM-B311V, FCC ID: A3LSMB311V, MEID HEX: A000004840FB7E, identified as exhibit N-171 under DEA case number R7-17-0004, referred to as "Device#2." Device#2 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-3**

The property to be searched is a black LG Metro PCS smartphone, bearing Model: LM-Q710MS, IMEI: 356694-09-017518-3, identified as exhibit N-172 under DEA case number R7-17-0004, referred to as "Device#3."  Device#3 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-4**

The property to be searched is a black/blue Samsung Galaxy S6 Edge+ smartphone, with no further identifying information visible, identified as exhibit N-173 under DEA case number R7-17-0004, referred to as "Device#4."  Device#4 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-5**

The property to be searched is a black/blue ZTE smartphone, identified as exhibit N-174 under DEA case number R7-17-0004, referred to as "Device#5." Device#5 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-6**

The property to be searched is a Night Owl security system DVR, bearing Model: DVR-AHD10B-81-RS-2, serial number: 872A-0322, identified as exhibit N-179 under DEA case number R7-17-0004, referred to as "Device#6." Device#6 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-7**

The property to be searched is a black Samsung Galaxy Note 8, telephone number (209) 496-6942, bearing IMEI: 358505081134252, FCC ID: A3LSMN950U, identified as exhibit N-89 under DEA case number R7-17-0004, referred to as "Device#7."  Device#7 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-8**

The property to be searched is a silver Apple iphone, bearing Model: A1549, FCC ID: BCG-EZ816A, IMEI: 355786074105284, identified as exhibit N-188 under DEA case number R7-17-0004, referred to as "Device#8." Device#8 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-9**

The property to be searched is a black Cricket LG cellular telephone, bearing serial number: 806CYCV174875, IMEI: 354376091748752, FCC ID: ZNFX210APM, identified as exhibit N-186 under DEA case number R7-17-0004, referred to as "Device#9." Device#9 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-10**

The property to be searched is a white/silver Apple iphone, bearing Model: A1778, FCC ID: BCG-E3091A, identified as exhibit N-186 under DEA case number R7-17-0004, referred to as "Device#10." Device#10 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-11**

The property to be searched is a black/red SBU thumb drive, identified as exhibit N-187 under DEA case number R7-17-0004, referred to as "Device#11." Device#11 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-12

The property to be searched is a 500GB Seagate Expansion Portable Drive, bearing Model: SRD00F1, serial number: NA431F64, PN: 1D6AP1-500, identified as exhibit N-187 under DEA case number R7-17-0004, referred to as "Device#12." Device#12 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-13

The property to be searched is a black/blue Alcatel cellular telephone, bearing Model: 4060A, IMEI: 014802007235495, FCC ID: 2ACCJB039, identified as exhibit N-119 under DEA case number R7-17-0004, referred to as "Device#13." Device#13 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-14

The property to be searched is a black Apple iphone, bearing Model: A1661, FCC ID: BCG-E3087A, identified as exhibit N-119 under DEA case number R7-17-0004, referred to as "Device#14." Device#14 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-15**

The property to be searched is a white/gold Apple iphone, bearing Model: A1549, FCC ID: BCG-E2816A, IMEI: 354447061367749, identified as exhibit N-119 under DEA case number R7-17-0004, referred to as "Device#15." Device#15 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-16**

The property to be searched is a black/silver Apple iphone, bearing Model: A1549, FCC ID: BCG-E2816A, IMEI: 352022077810313, identified as exhibit N-185 under DEA case number R7-17-0004, referred to as "Device#16." Device#16 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-17

The property to be searched is a black Apple iphone, bearing Model: A1428, IMEI: 013435006623162, FCC ID: BCG-E2599A, identified as exhibit N-117 under DEA case number R7-17-0004, referred to as "Device#17."  Device#17 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# **ATTACHMENT B**

1.     All records on the Device described in Attachment A that relate to violations of Title 21, United States Code, Sections 841, 843, 846, and involve Georgina CARRILLO AYALA, Hector GOMEZ-GARCIA, Luis Armando RIOS GARCIA, Filiberto MADRIGAL, Jr., Jose Francisco BUENAVIDA, a.k.a., "CANAS", Enrique BUENAVIDA, Jose Manuel RODRIGUEZ, Elias HERNANDEZ VALENCIA, a.k.a, "PISTOLA", Roberto MERCADO RANGEL, Jose Antonio PANTOJA ESTRADA, Kelly Duane HUGHES, Bart Richard HUGHES, Jerry Curtis FOSTER, an unidentified male known as "PANCHO", and others involved in the foregoing violations, including:

   a.  Communications evidencing any of the foregoing violations, whether in draft or complete form, drafted or sent in any communications medium such as a communications application (e.g., WhatsApp, SnapChat), text message, e-mail, and in any form (e.g., text message, picture, emoji, video or audio file) and whether with a supplier, customer, or other participant in the conduct underlying the foregoing violations.

   b.  Documents evidencing acquisition, use, sale, maintenance or refurbishment, or storage of any items used in the process of cultivating marijuana or of mixing substances for pressing into tablet form and any items used to cultivate marijuana or press substances into tablet form, including but not limited to pill presses, parts for pill presses, and dyes.

   c.  Documents evidencing any efforts to study authentic drugs and controlled substances manufactured by pharmaceutical companies, including efforts to understand the physical or chemical properties of such drugs and controlled substances and how to mimic or copy them.

   d.  Documents evidencing acquisition, distribution, sale, storage, of disposal of any drug or controlled substance and any material to be mixed with a controlled substance.

   e.  Documents evidencing any use or movement of proceeds from the manufacturing, creating, and distributing of counterfeit drugs or controlled substances.

   f.  Documents evidencing customers, potential customers, former customers, all for counterfeit drugs and controlled substances, and related identifying information.

   g.  Documents evidencing types, amounts, and prices of counterfeit drugs and controlled substances trafficked as well as dates, places, and amounts of specific transactions, and as well as the ingredients in each of the drugs or controlled substances.

h.  All bank records, checks, credit card bills, account information, and other
    financial records.

i.  Account usernames or identifiers related to e-mail services, communications
    applications services, or cloud-based storage services.

j.  Any documents recording computer, tablet, or wireless phone use Metadata
    concerning any of the foregoing

k.  lists of customers and related identifying information;

l.  types, amounts, and prices of drugs trafficked as well as dates, places, and
    amounts of specific transactions;

m.  any information related to sources of drugs (including names, addresses, phone
    numbers, or any other identifying information);

2.      All names, words, telephone numbers, e-mail addresses, communications
applications registered usernames, passwords, time/date information, messages or other
electronic data in the memory of the **Devices** or on any server associated with the **Devices**.

3.      Evidence of user attribution showing who used or owned the Device at the time
the things described in this warrant were created, edited, or deleted, such as logs, phonebooks,
saved usernames and passwords, documents, and browsing history;

As used above, the terms "Documents" and "Information" include all of the
foregoing items of evidence in whatever form and by whatever means they may have
been created, used, or stored, including any form of computer or electronic storage (such
as flash memory or other media that can store data), any photographic or text-based form,
and in whatever folder, file, application (including wireless telephone "apps"), program,
or other structure they are located in.

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of )
CELLULAR TELEPHONES AND ELECTRONIC )
DEVICES IDENTIFIED AS DEVICE #1 THROUGH )   Case No.   2:18-SW-899   AO
DEVICE #17; UNDER DRUG ENFORCEMENT )
ADMINISTRATION CASE NO. R7-17-0004, )
CURRENTLY LOCATED AT 4328 WATT AVENUE, )
SACRAMENTO, CALIFORNIA. )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ Eastern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A-1 through A-17, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____ November 16, 2018 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to: any authorized U.S. Magistrate Judge in the Eastern
District of California.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    11/2/18 2:45

_____
*Judge's signature*

City and state:    Sacramento, California          Allison Claire, U.S. Magistrate Judge
                                                  *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned before me this date.

_____          _____
            Signature of Judge                                    Date

## ATTACHMENT A-1

The property to be searched is a pink/white Apple iphone, contained in a blue-colored case, bearing Model: A1778, FCC ID: BCG-E3091A, identified as exhibit N-148 under DEA case number R7-17-0004, referred to as "Device#1." Device#1 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-2**

The property to be searched is a black Samsung Verizon flip phone, bearing Model: SM-B311V, FCC ID: A3LSMB311V, MEID HEX: A000004840FB7E, identified as exhibit N-171 under DEA case number R7-17-0004, referred to as "Device#2."  Device#2 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-3**

The property to be searched is a black LG Metro PCS smartphone, bearing Model: LM-Q710MS, IMEI: 356694-09-017518-3, identified as exhibit N-172 under DEA case number R7-17-0004, referred to as "Device#3."  Device#3 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-4**

The property to be searched is a black/blue Samsung Galaxy S6 Edge+ smartphone, with no further identifying information visible, identified as exhibit N-173 under DEA case number R7-17-0004, referred to as "Device#4." Device#4 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-5**

The property to be searched is a black/blue ZTE smartphone, identified as exhibit N-174 under DEA case number R7-17-0004, referred to as "Device#5." Device#5 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-6**

The property to be searched is a Night Owl security system DVR, bearing Model: DVR-AHD10B-81-RS-2, serial number: 872A-0322, identified as exhibit N-179 under DEA case number R7-17-0004, referred to as "Device#6."  Device#6 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-7**

The property to be searched is a black Samsung Galaxy Note 8, telephone number (209) 496-6942, bearing IMEI: 358505081134252, FCC ID: A3LSMN950U, identified as exhibit N-89 under DEA case number R7-17-0004, referred to as "Device#7." Device#7 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-8**

The property to be searched is a silver Apple iphone, bearing Model: A1549, FCC ID: BCG-EZ816A, IMEI: 355786074105284, identified as exhibit N-188 under DEA case number R7-17-0004, referred to as "Device#8." Device#8 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-9

The property to be searched is a black Cricket LG cellular telephone, bearing serial number: 806CYCV174875, IMEI: 354376091748752, FCC ID: ZNFX210APM, identified as exhibit N-186 under DEA case number R7-17-0004, referred to as "Device#9."  Device#9 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-10**

The property to be searched is a white/silver Apple iphone, bearing Model: A1778, FCC ID: BCG-E3091A, identified as exhibit N-186 under DEA case number R7-17-0004, referred to as "Device#10."  Device#10 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-11

The property to be searched is a black/red SBU thumb drive, identified as exhibit N-187 under DEA case number R7-17-0004, referred to as "Device#11." Device#11 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-12**

The property to be searched is a 500GB Seagate Expansion Portable Drive, bearing Model: SRD00F1, serial number: NA431F64, PN: 1D6AP1-500, identified as exhibit N-187 under DEA case number R7-17-0004, referred to as "Device#12." Device#12 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-13

The property to be searched is a black/blue Alcatel cellular telephone, bearing Model: 4060A, IMEI: 014802007235495, FCC ID: 2ACCJB039, identified as exhibit N-119 under DEA case number R7-17-0004, referred to as "Device#13." Device#13 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT A-14

The property to be searched is a black Apple iphone, bearing Model: A1661, FCC ID: BCG-E3087A, identified as exhibit N-119 under DEA case number R7-17-0004, referred to as "Device#14." Device#14 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-15**

The property to be searched is a white/gold Apple iphone, bearing Model: A1549, FCC

ID: BCG-E2816A, IMEI: 354447061367749, identified as exhibit N-119 under DEA case

number R7-17-0004, referred to as "Device#15." Device#15 is currently located at the DEA

Office, 4328 Watt Avenue, Sacramento, California.


This warrant authorizes the forensic examination of the Device for the purpose of

identifying the electronically stored information described in Attachment B.

**ATTACHMENT A-16**

The property to be searched is a black/silver Apple iphone, bearing Model: A1549, FCC ID: BCG-E2816A, IMEI: 352022077810313, identified as exhibit N-185 under DEA case number R7-17-0004, referred to as "Device#16." Device#16 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT A-17**

The property to be searched is a black Apple iphone, bearing Model: A1428, IMEI: 013435006623162, FCC ID: BCG-E2599A, identified as exhibit N-117 under DEA case number R7-17-0004, referred to as "Device#17."  Device#17 is currently located at the DEA Office, 4328 Watt Avenue, Sacramento, California.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

# **ATTACHMENT B**

1.      All records on the Device described in Attachment A that relate to violations of
Title 21, United States Code, Sections 841, 843, 846, and involve Georgina CARRILLO
AYALA, Hector GOMEZ-GARCÍA, Luis Armando RIOS GARCIA, Filiberto MADRIGAL, Jr.,
Jose Francisco BUENAVIDA, a.k.a., "CANAS", Enrique BUENAVIDA, Jose Manuel
RODRIGUEZ, Elias HERNANDEZ VALENCIA, a.k.a, "PISTOLA", Roberto MERCADO
RANGEL, Jose Antonio PANTOJA ESTRADA, Kelly Duane HUGHES, Bart Richard
HUGHES, Jerry Curtis FOSTER, an unidentified male known as "PANCHO", and others
involved in the foregoing violations, including:

     a.   Communications evidencing any of the foregoing violations, whether in draft or
complete form, drafted or sent in any communications medium such as a
communications application (e.g., WhatsApp, SnapChat), text message, e-mail,
and in any form (e.g., text message, picture, emoji, video or audio file) and
whether with a supplier, customer, or other participant in the conduct underlying
the foregoing violations.

     b.   Documents evidencing acquisition, use, sale, maintenance or refurbishment, or
storage of any items used in the process of cultivating marijuana or of mixing
substances for pressing into tablet form and any items used to cultivate marijuana
or press substances into tablet form, including but not limited to pill presses, parts
for pill presses, and dyes.

     c.   Documents evidencing any efforts to study authentic drugs and controlled
substances manufactured by pharmaceutical companies, including efforts to
understand the physical or chemical properties of such drugs and controlled
substances and how to mimic or copy them.

     d.   Documents evidencing acquisition, distribution, sale, storage, of disposal of any
drug or controlled substance and any material to be mixed with a controlled
substance.

     e.   Documents evidencing any use or movement of proceeds from the manufacturing,
creating, and distributing of counterfeit drugs or controlled substances.

     f.   Documents evidencing customers, potential customers, former customers, all for
counterfeit drugs and controlled substances, and related identifying information.

     g.   Documents evidencing types, amounts, and prices of counterfeit drugs and
controlled substances trafficked as well as dates, places, and amounts of specific
transactions, and as well as the ingredients in each of the drugs or controlled
substances.

h.  All bank records, checks, credit card bills, account information, and other financial records.

i.  Account usernames or identifiers related to e-mail services, communications applications services, or cloud-based storage services.

j.  Any documents recording computer, tablet, or wireless phone use Metadata concerning any of the foregoing

k.  lists of customers and related identifying information;

l.  types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

m.  any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

2.  All names, words, telephone numbers, e-mail addresses, communications applications registered usernames, passwords, time/date information, messages or other electronic data in the memory of the **Devices** or on any server associated with the **Devices**.

3.  Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "Documents" and "Information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created, used, or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data), any photographic or text-based form, and in whatever folder, file, application (including wireless telephone "apps"), program, or other structure they are located in.